**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| **FRANKLIN ANTONIO ROSA,** | : : | |
| Petitioner, | : : | Civil Action No. 13-1907 (ES) |
| v. | : : | **OPINION** |
| **JOHN TSOUKARIS et al.,** | : : | |
| Respondents. | : : | |

On March 26, 2013, Petitioner Franklin Antonio Rosa ("Petitioner"), then a pre-removal-order alien detainee, filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention. (D.E. No. 1). Petitioner asserted that he was being unlawfully held in custody as a result of Respondents' erroneous interpretation of the mandatory detention provision contained in § 236(c) of the Immigration and Nationality Act, codified as 8 U.S.C. § 1226(c).

On April 19, 2013, this Court issued an order staying this matter in light of *Hosh v. Lucero*, 680 F.3d 375, 384 (4th Cir. 2012) (concluding "that the BIA's interpretation of § 1226(c) . . . was reasonable, and must be afforded deference"), and analogous prior proceedings in this District finding the challenge fostered by Petitioner without merit. *See, e.g.*, *Espinoza-Loor v. Holder*, No. 12-4160, 2012 U.S. Dist. LEXIS 91307 (D.N.J. July 2, 2012); *Diaz v. Muller*, No. 11-4029, 2011 U.S. Dist. LEXIS 85971 (D.N.J. Aug. 4, 2011); *Desrosiers v. Hendricks*, No. 11-4643, 2011 U.S. Dist. LEXIS 154971 (D.N.J. Dec. 30, 2011). Noting that the Court of Appeals for the Third Circuit was about to offer conclusive guidance in *Sylvain v. Holder*, U.S.C.A. Index No. 11-3357 (3d Cir. docketed

Aug. 31, 2011), this Court stayed this matter to allow Petitioner an opportunity to: (a) assess the Court of Appeals' decision, once it was entered; and (b) file an amended § 2241 petition if Petitioner so elected.

On April 22, 2013, the Court of Appeals resolved the issue at bar, holding that, even if 8 U.S.C. § 1226(c)(1) called for detention when an alien was released, nothing in the statute suggested that the immigration officials would lose their authority to effectuate the removal proceeding and mandatorily detain the alien if they delayed. *See Sylvain v. AG of the United States*, 714 F.3d 150, 156-57 (3d Cir. 2013). The Court of Appeals, therefore, ruled that an alien raising the claim fostered here was not entitled to habeas relief simply because the alien asserted that the immigration officials delayed taking him/her into custody. *See id*.

Accordingly, and in light of the Third Circuit's ruling in *Sylvain*, Petitioner's challenge is without merit. However, this Court cannot rule out that Petitioner might have envisioned a claim somewhat different from that resolved in *Sylvain,* or, in the alternative, that Petitioner's circumstances have so changed as to provide a basis for an alternative habeas claim. Therefore, the Court will dismiss this matter without prejudice to Petitioner raising a habeas challenge not precluded by *Sylvain* in a new and separate § 2241 petition.

An appropriate Order follows.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**
